UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

PEDRO FERNANDEZ-JIMINEZ,

    Petitioner,

v.                                                  Case No. 5:06-CV-01
                                                  (Criminal Case No. 1:04-CR-188)

UNITED STATES OF AMERICA,

                                                  HON. GORDON J. QUIST

    Respondent.

_____/

**OPINION**

This Court has before it Pedro Fernandez-Jiminez's ("Petitioner") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. For the following reasons, the Court concludes that Petitioner is not entitled to relief.

**I.**    **Procedural History**

On October 25, 2004, Petitioner pled guilty under 8 U.S.C. § 1326 (a) and (b)(2) to being present in the United States after having been convicted of an aggravated felony offense (he was convicted of the aggravated felony of manslaughter in 1987). On January 31, 2005, this Court sentenced Petitioner to 77 months incarceration, and Judgment was entered on February 3, 2005. Petitioner appealed his sentence and conviction to the Court of Appeals for the Sixth Circuit, and that court affirmed this Court's Judgment on October 13, 2005.

On January 3, 2006, Petitioner filed this motion under 28 U.S.C. § 2255. The essence of this petition is that (1) the aggravated felony enhancement of 8 U.S.C. § 1326(b)(2) was unconstitutionally applied to Petitioner's sentence; (2) Petitioner's manslaughter conviction was too old to act as a predicate to the aggravated felony enhancement; (3) the government failed to inform the Mexican consulate of Petitioner's status in the criminal justice system; and (4)

Petitioner's counsel was ineffective for failing to argue that the age and timing of Petitioner's manslaughter conviction precluded the aggravated felony enhancement under 8 U.S.C. §1326(b)(2).

## II.     Aggravated Felony Issues Decided on Appeal Cannot be Relitigated in § 2255 Motion

In his motion, Petitioner claims that the aggravated felony enhancement of 8 U.S.C. §1326(b)(2) was unconstitutionally applied to his sentence, and that his manslaughter conviction was too old to act as a predicate to the aggravated felony enhancement. These claims must fail because Petitioner already made these arguments on direct appeal before the Court of Appeals for the Sixth Circuit. *See United States v. Fernandez-Jiminez*, No. 05-1199, p. 2-3 (6th Cir. Oct. 13, 2005) (holding that the aggravated felony provisions of 8 U.S.C. § 1326 were constitutional under *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219 (1998) and there were no other sentencing errors apparent from the record). A § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances, such as an intervening change in the law. *See DuPont v. United States*, 76 F.3d 108, 110-11 (6th Cir. 1996); *see also Wright v. United States,* 182 F.3d 458, 467(6th Cir. 1999); *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999); *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996). As a general rule, sentencing matters decided on direct appeal may not be relitigated under § 2255. *See DuPont*, 76 F.3d at 110-11. No such exceptional circumstances exist here.

Furthermore, even if these claims could be relitigated, they must fail on the merits. In *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219 (1998), the Supreme Court held that 8 U.S.C. § 1326(b)(2) provides a constitutional means of enhancing the sentence of a recidivist based on a previous aggravated felony. *Almendarez-Torres* remains good law today. *See United States v. Bradley*, 400 F.3d 459, 462 (6th Cir. 2005). Furthermore, Petitioner's claim that the manslaughter charge was too old must also fail. 8 U.S.C. § 1101(a)(43) defines an aggravated

2

felony as "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment is at least one year." The definition further states that:

> The term applies to an offense described in this paragraph whether in violation of Federal or State law and applies to such an offense in violation of the law of a <u>foreign country</u> for which the term of imprisonment was completed within the previous 15 years. Notwithstanding any other provision of law (including any effective date), the term applies regardless of whether the conviction was entered before, on, or after September 30, 1996.

8 U.S.C. § 1101(a)(43) (emphasis added). Thus, there is a fifteen year temporal limitation for violations of the law of a foreign country, but there is no such temporal limitation for violations of domestic law. *See United States v. Gitten*, 231 F.3d 77, 80-81 (2d Cir. 2000); *United States v. Gonzalez*, 112 F.3d 1325, 1329, 1331 (7th Cir. 1997). Therefore, Petitioner's manslaughter conviction was not too old, and claims one and two must be dismissed.

**III.    Claim Regarding Failure to Inform the Mexican Consulate is Procedurally Defaulted**

Petitioner next claims that the government unlawfully failed to inform the Mexican consulate of his status in the criminal justice system. But this claim must fail because Petitioner did not raise it on direct review. As the Supreme Court has said, § 2255 petitions are not substitutes for direct appeals. *See Reed v. Farley*, 512 U.S. 339, 354, 114 S. Ct. 2291, 2300 (1994); *United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982); *Hunter v. United States*, 160 F.3d 1109, 1114 (6th Cir. 1998). The Supreme Court has imposed strict limitations upon the circumstances under which a guilty plea may be attacked on collateral review. *See Bousley v. United States*, 523 U.S. 614, 620, 118 S. Ct. 1604, 1610 (1998); *Mabry v. Johnson*, 467 U.S. 504, 508, 104 S. Ct. 2543, 2546-47 (1984). Because Petitioner failed to challenge his claim on direct appeal, his claim is procedurally defaulted. *See Bousley*, 523 U.S. at 622, 118 S. Ct. at 1611;

*Hampton v. United States*, 191 F.3d 695, 698 (6th Cir. 1999). As such, Petitioner is barred from raising his claim in a § 2255 motion unless he can demonstrate that "cause" and "actual prejudice" existed to excuse his failure to raise the issues on direct appeal, or that a constitutional error at the plea proceedings "has probably resulted in the conviction of one who is actually innocent." *Bousley*, 523 U.S. at 622, 118 S. Ct. at 1611 (citing *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645 (1986)); *Hampton*, 191 F.3d at 698-99. To show cause, Petitioner must point to "some objective factor external to the defense" that prohibited him from raising his claim on direct appeal. *Murray*, 477 U.S. at 488, 106 S. Ct. at 2645. To show prejudice, he must demonstrate an error that worked to his actual and substantial disadvantage. *Frady*, 456 U.S. at 170, 102 S. Ct. at 1595-96.

Petitioner fails to allege or show that he is actually innocent of the offense for which he pled guilty. Likewise, he fails to allege or show that some external impediment prevented him from pursuing his claim on direct appeal. Moreover, he cannot show prejudice because the issues are without merit. In order to prevail on his § 2255 motion, Petitioner "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea. . . ." *Schledwitz v. United States*, 169 F.3d 1003, 1011 (6th Cir. 1999) (citing *Brecht v. Abramson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 1721 (1993)); *see also Wright v. United States*, 182 F.3d 458, 463 (6th Cir. 1999). Petitioner has not met this burden.

The procedural default rule does not apply, however, with regard to claims of ineffective assistance of counsel. Claims of ineffective assistance of trial counsel are generally not reviewable on direct appeal, because the record may be inadequate to permit review. *See United States v. Kincaide*, 145 F.3d 771, 785 (6th Cir. 1998); *United States v. Tucker*, 90 F.3d 1135, 1143 (6th Cir. 1996). Consequently, such claims may be raised for the first time in a § 2255 proceeding, without

4

regard to a failure to raise them on direct appeal. *See Tucker*, 90 F.3d at 1143; *United States v. Allison*, 59 F.3d 43, 47 (6th Cir. 1995).

## IV. Ineffective Assistance of Counsel Claim

Petitioner claims that his counsel was ineffective for failing to argue that the age and timing of Petitioner's manslaughter conviction precluded the aggravated felony enhancement under 8 U.S.C. § 1326(b)(2). The United States Court of Appeals for the Sixth Circuit has repeated the test for ineffective assistance of counsel:

> A two-prong test establishes ineffective assistance of counsel: 1) the defendant must show that his counsel's performance was deficient; and 2) prejudice must have resulted to counsel's defendant from the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). The first prong requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. The second prong requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial. *Id.*
>
> "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697, 104 S. Ct. 2052.
>
> To establish prejudice, the defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S. Ct. 2052. To determine if Kinnard was prejudiced by his attorney's performance, it is necessary to determine if the proceeding was fundamentally unfair or unreliable; a court should not focus the analysis on the outcome. *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S. Ct. 838, 122 L.Ed.2d 180 (1993).

*Kinnard v. United States*, 313 F.3d 933, 935 (6th Cir. 2002).

Petitioner has failed to establish either that his counsel was deficient or that he suffered prejudice. Petitioner claims that his attorney should have argued that the aggravated felony offense of manslaughter was too old to serve as the predicate to the enhancement, but, as discussed earlier,

5

the law supported, and continues to support, the enhancement. *See Almendarez-Torres v. United States*, 523 U.S. 224, 226, 118 S. Ct. 1219 (1998); *United States v. Bradley*, 400 F.3d 459, 462 (6th Cir. 2005). Further, based on the language of 8 U.S.C. § 1101(a)(43), and on existing case law, Petitioner's counsel was not deficient for failing to raise the argument that Petitioner's manslaughter conviction was too old to serve as the predicate for the enhancement. *See United States v. Gitten*, 231 F.3d 77, 80-81 (2d Cir. 2000); *United States v. Gonzalez*, 112 F.3d 1325, 1329, 1331 (7th Cir. 1997). Therefore, Petitioner's claim for ineffective assistance of counsel must be dismissed.

## V.     No Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *See Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

## **Conclusion**

For these reasons, Petitioner's § 2255 Motion (docket no. 1) will be DISMISSED. In addition, a certificate of appealability will be DENIED as to each issue raised by Petitioner because he has failed to make a "substantial showing of a denial of a constitutional right."

A separate order will issue.


Dated: May 11, 2006                             /s/ Gordon J. Quist
                                           GORDON J. QUIST
                                        UNITED STATES DISTRICT JUDGE